UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMAA ANTHONY CINQUE, | ) | |
| Plaintiff, | ) | 3: 09-cv-0229-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| BRIAN WARD, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff, an inmate at Lovelock Correctional Center, is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. Section 1983. This action was originally filed in the Nevada Sixth Judicial District Court and was removed to this court by defendants on April 29, 2009. Pending before this court is plaintiff's complaint (Docket #1-3).

**Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen plaintiff's complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its

review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**Screening of Complaint**

This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff brings this action against the following individuals: Brian Ward, Trinity Pharris, Lenard Vare, Director of the Nevada Department of Corrections, and the State of Nevada. Plaintiff seeks declaratory relief and monetary damages.

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). Nevada explicitly has retained its full eleventh amendment immunity. Nev.Rev.Stat. 41.031(3). Accordingly, the State of Nevada will be dismissed from this action with prejudice.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Because plaintiff has failed to link the named defendants with some affirmative act or omission, plaintiff's complaint must be dismissed.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979);  *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983.  *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).   In this case, plaintiff names the Director of the Nevada Department of Corrections as a defendant, yet alleges no facts to support either direct or supervisorial liability.   Accordingly, the Director of the Nevada Department of Corrections will be dismissed from this action without prejudice and with leave to amend.

In count two,[1] plaintiff alleges that his rights to due process and equal protection of the law were violated in connection with a disciplinary hearing held December 10, 2007.  Plaintiff alleges in connection with that disciplinary hearing that a false notice of charges was filed, that evidence support his innocence was destroyed, that he was denied the right to call witnesses, and that

---

[1] In count one, plaintiff sets forth a claim under the Nevada Constitution.  This claim is not relevant to the court's screening process, under the law set forth above.

he was found guilty based on no evidence.

he was found guilty based on no evidence.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The court finds, construing the facts in the light most favorable to plaintiff, that he may be able to prove facts that would entitle him to relief on this claim. In light of the above, the complaint is sufficient to withstand screening under § 1915A, and the action may proceed.

5

**Leave to Amend to Cure Deficiency of Complaint**

Plaintiff will be granted an opportunity to file an amended complaint if he can, in good faith, allege facts to cure the defects of the complaint outlined in this order. Plaintiff is informed that an amended complaint supercedes the original complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Therefore, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit. In filing an amended complaint, plaintiff may not simply file an addendum-styled document that includes additional allegations and names additional defendants, but rather, the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to pursue in this lawsuit.

**Conclusion**

**IT IS THEREFORE ORDERED** that the clerk is directed to **FILE** the complaint (Document 1-3).

**IT IS FURTHER ORDERED** that the State of Nevada is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Director of the Nevada Department of Corrections is **DISMISSED** from this action without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days from the date of service of this order within with to file an amended complaint remedying, if possible, the defects explained above in regard to naming the Director of the Nevada Department of Corrections as a defendant. Any such amended complaint must bear the docket number o f this case and be clearly labeled, "Amended Complaint."

**IT IS FURTHER ORDERED** that if plaintiff does not timely file an amended complaint in compliance with this order, this action will go forward with Ward, Pharris and Vare as the only defendants.

1 **IT IS FURTHER ORDERED** that defendants' motion for screening of complaint is **DENIED** as moot (Docket #3).

**IT IS FURTHER ORDERED** that defendants' motion for an extension of time is **DENIED** as moot (Docket #4).

**IT IS FURTHER ORDERED** that defendants' motion for change of venue (Docket #2) will be addressed by the court after plaintiff has an opportunity to amend his complaint.

DATED this 1st day of July, 2009.

_Edward C. Reed._
UNITED STATES DISTRICT JUDGE